IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ISLAM DZHAVRIEV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:26-cv-02684-TLP-cgc |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Roger Islam Dzhavriev, a noncitizen detained in the West Tennessee Detention Facility in Mason, Tennessee, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.)  The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 6.)  Respondent responded (ECF No. 12), and Petitioner replied (ECF No. 13.)  For the reasons below, the Court **GRANTS** the Petition.

**BACKGROUND**

Petitioner, a Russian citizen, entered the United States in June 2022 near El Paso, Texas. (ECF No. 12-1 at PageID 41.)  The Department of Homeland Security ("DHS") issued him a Notice to Appear that same month.  (ECF No. 12-2.)  It then placed Petitioner into removal proceedings but released him after an asylum officer found that he demonstrated a credible fear of persecution or torture.  (*Id.*)

The U.S. Immigrations Custom and Enforcement ("ICE") re-detained Petitioner in May 2026 after the Mississippi Highway Patrol arrested him for "failure to comply/obstruction and failure to clear a highway."  (ECF No. 12-3 at PageID 47.)  Petitioner states that he lives with his

1

wife and child in Tipp City, Ohio.  (ECF No. 1 at PageID 2.)  He has no known criminal history other than the recent traffic-related arrest.  (ECF No. 12-3 at PageID 47.)  He is currently in ICE custody at the West Tennessee Detention Facility in Mason, Tennessee.  (*See* ECF No. 12 at PageID 36.)

An immigration judge provided Petitioner with a bond hearing in early June 2026.  (ECF No. 12-4.)  But the immigration judge denied bond, explaining that "Respondent was originally in Expedited Removal proceedings and was placed into removal proceedings subsequent to a credible fear finding.  Respondent is ineligible for bond.  *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019)."  (*Id.* at PageID 51.)

Petitioner alleges that his detention violates his Fifth Amendment right to due process and the Immigration and Nationality Act.  (ECF No. 1 at PageID 15–17.)  He asks the Court to grant the Petition and order his immediate release.  (ECF No. 1 at PageID 17.)

## ANALYSIS

On May 11, 2026, the Sixth Circuit issued its decision in *Lopez-Campos v. Raycraft*, affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th 713, 734 (6th Cir. 2026).  The majority reasoned that the "text, canons, and past practice" of § 1225 and § 1226 support this conclusion.  *Id.* at 725.  "To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."  *Id.* at 735.

Respondent argues that "Petitioner falls outside the scope of *Lopez-Campos*" because he is an "applicant for admission" as defined in 8 U.S.C. § 1225(a)(1) and because the Government

previously placed him in removal proceedings.  (ECF No. 12 at PageID 37.)  He is thus "mandatorily detained under 8 U.S.C. § 1225(b)(1)(B)(ii)."[1]  (*Id.* at PageID 38.)

The Court is unpersuaded that it should read *Lopez-Campos* in the narrow vacuum that Respondent urges it to.  Respondent has pointed to no language in *Lopez-Campos* that would distinguish it from the facts of this case.  He merely contends that "petitioners in *Lopez-Campos* spent 'significant time…within the interior of the United States' and 'resided within the United States for years' before detection by immigration officials, and there is no indication that they were or had ever been placed in expedited removal proceedings."  (*Id.* at PageID 36.)  To be sure, DHS detained Petitioner at the border in 2022.  *But it released him*, and Petitioner has since resided in the interior of the country for about four years.  That he is now re-detained does not mean he is actively seeking admission.  *See Lopez-Campos*, 175 F.4th at 725 (rejecting the Government's argument that "every 'applicant for admission' is necessarily 'seeking admission'").  This case is nearly on all-fours with the instruction in *Lopez-Campos*.  As already mentioned, in *Lopez-Campos* the Sixth Circuit explicitly stated that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.  This case, like most, has factual nuances.  But the Court fails to see the distinction Respondent asserts here.

What is more, this Court and others have repeatedly held the opposite of Respondent's argument here.  *See, e.g.*, *Aguilar-Rodriguez v. Ladwig*, No. 2:26-cv-02168-TLP-tmp, 2026 WL 1266251, at *5–6 (W.D. Tenn. May 8, 2026) (holding that § 1226 applies to a noncitizen that

---

[1] That provision reads: "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum."  8 U.S.C. § 1225(b)(1)(B)(ii).

expressed a credible fear of returning to Honduras because she was not "actively seeking admission when ICE detained her here"); *Garcia v. Dir. Boone Cnty. Jail*, No. 26-123, 2026 WL 1493942, at *1–2 (E.D. Ky. May 28, 2026) (holding *Lopez-Campos* and § 1226 applies to a noncitizen who applied for asylum and had been released by Border Patrol on their own recognizance); *Cunha v. Freden*, 175 F.4th 61,  (2d Cir. 2026) (holding that a noncitizen with a pending asylum application "is an applicant for admission under the statutory definition because he is present in the country and has never been admitted, [but] it simply cannot be said that he is 'seeking admission,' as he is not requesting lawful entry into the United States").  As another court in this district put it: "§ 1225's title describes 'arriving aliens' who are placed into 'expedited removal' proceedings.  But [Petitioner] was not 'arriving' when he was detained far away from the United States border, after having been in this country for more than two years." *Hernandez v. Ladwig*, No. 2:26-cv-02081-SHL-atc, 2026 WL 324020, at *6 (W.D. Tenn. Feb. 6, 2026).  It follows that Petitioner is not properly detained under § 1225(b)(1), which applies to the "[i]nspection of *applicants for admission*."  8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added).

Perhaps most telling is that Respondent has cited no case interpreting *Lopez-Campos* in the way it asks this Court to here.  The Court finds no reason to stray from its earlier reasoning or that of other district courts.  *Lopez-Campos* does not demand as much.

At bottom, Petitioner's detention is squarely governed by *Lopez-Campos* and § 1225's mandatory detention does not apply to him; rather, § 1226 does.  The Court accordingly **GRANTS** his Petition.[2]  To be sure, his detention has not only violated procedural due process

---

[2] Respondent argues that the Court should require Petitioner to exhaust his administrative remedies before ruling on the Petition.  (ECF No. 12 at PageID 39.)  The Court has rejected this same argument countless times and need not re-explain its reasoning.  *See, e.g., Urrutia-Diaz v. Ladwig*, No. 25-3098, 2025 WL 3689158, at *3–4 (W.D. Tenn. Feb. 13, 2026).

but has deprived him of liberty.  *See Lopez-Campos*, 175 F.4th at 734 ("It is from this liberty interest that detention without an individualized bond hearing can become constitutionally impermissible, even if the detention has a theoretical end point." (citations omitted)).  Petitioner is therefore entitled to immediate release.  *Cf. Villafranca Lara v. Ladwig*, No. 26-2079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

## CONCLUSION

For the reasons above, the Court **GRANTS** the Petition and **ORDERS** Respondent to release Petitioner immediately.

**SO ORDERED**, this 8th day of July, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE